IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| AMATI ENVIRONMENTAL ENTERPRISES, INC., )<br>Plaintiff )<br>)<br>vs. )<br>)<br>WESTCHESTER FIRE INSURANCE )<br>COMPANY, )<br>Defendant ) | Civil Action No. 08-780<br>Judge Donetta W. Ambrose/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

In this diversity matter, three Motions (Doc. 8) filed by Defendant, Westchester Fire Insurance Co., are pending. These include: a Motion to Dismiss pursuant to Rule 12(b)(6), a Motion to Dismiss pursuant to 12(b)(3), and, in the alternative, a Motion for Transfer of Venue pursuant to 28 U.S.C. § 1404(a)[1] or § 28 U.S.C. § 1406(a)[2]. This Report and Recommendation addresses only the Motions to Dismiss. The Motion for Transfer of Venue pursuant to Section 1404(a) will be addressed separately, in an Opinion and Order, after full resolution of the issues raised in this Report and Recommendation.[3] It is respectfully recommended that the Motions to

---

[1] According to this section: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In order for this section to apply, venue must be proper in both the original and transferee districts.

[2] This section provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This section applies only where the original venue is improper. It may support a dismissal, whereas section 1404(a) permits only transfer.

[3] A motion to transfer venue pursuant to 28 U.S.C. 1404(a) involves a pretrial matter which lies outside the motions listed as dispositive in Local Rule 71.1.4. A magistrate judge may rule on such

Dismiss be denied.

II.     REPORT

   A.     Background

In its Complaint (Doc. 1), the Plaintiff, Amati Environmental Enterprises, Inc. ("Amati"), a Pennsylvania company doing business in construction and waste management, (see Doc. 12 at 3), claims that it is owed money pursuant to the terms of a bond issued by Westchester Fire Insurance Co. ("Westchester"), a large New York based corporation which issues surety bonds and regularly conducts business in many states, including Pennsylvania. (Id.).

Amati's claim grows out of a September 2005 contract made between North American Demolition Corp. ("North American") and Tri-State Ship Repair & Dry Dock Co. for removal and disposal of a sunken dry dock, ("the Job"), located in Staten Island, New York. (Doc.1 at ¶ 6). Westchester, as surety for North American, issued a bond ("the Bond") in connection with the Job, which obligated Westchester to pay claimants "for labor, materials and equipment furnished for use on or performance of the Job" in the event that North American failed to make payment. (Id. Ex. A).

---

motions pursuant to 28 U.S.C. § 636(b)(1)(A). See Silong v. U.S., 5:05-CV-55-OC-10GRJ, 2006 WL 948048, at *1 n.1 (M.D. Fla. April 12, 2006); Blinzler v. Marriott Int'l, Inc., 857 F. Supp. 1, 2 (D.R.I. 1994); O'Brien v. Goldstar Tech., Inc., 812 F. Supp. 383 (W.D.N.Y. 1993); Russell v. Coughlin, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug. 19, 1992); Hitachi Cable Am., Inc. v. Wines, Civ.A. No. 85-4265, 1986 WL 2135 (D.N.J. Feb.14, 1986). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases). A court may examine facts outside the complaint in order to determine whether venue is proper. Karlberg European Tanspa, Inc. v. JK-Josef Kratz Vertriebsgeselischaft MbH, 699 F. Supp. 669, 770 (N.D. Ill. 1988). Where an appeal is taken from a magistrate judge's ruling on a nondispositive motion the "clearly erroneous or contrary to law" standard of review applies. See 28 U.S.C. s. 636(b)(1)(A) (standard of review for nondispositive matters); Fed. R. Civ, P. 72(a) (same); Local Rule 72.1.3(B)(same).

In March 2006, North American entered into an oral contract with Amati, whereby Amati agreed to serve as the Job's construction manager in return for $100,000, plus out-of-pocket costs for labor, material, and equipment. Amati contends that although it performed the required work, North American failed to pay $234,101.09 of the total amount owed. Relying on the surety bond, Amati filed this action seeking payment from Westchester. (<u>Id.</u> at ¶¶ 10 -14).

In response, Westchester filed the pending motions. (Doc. 8). Arguing that the Complaint should be dismissed pursuant to Rule 12(b)(6), Westchester relies on a forum selection clause in the Bond, which reads, in part: "No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located . . . ." (Doc. 1 Ex. A at ¶ 11). According to Westchester, "the only proper forum for any claim under the [bond is] in Staten Island, New York," and "[b]ecause there is no federal forum located [there] . . . Amati's Complaint must be dismissed." (Doc. 8 at ¶¶ 12,13).

In the alternative, Westchester asks that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper under 28 U.S.C. §§ 1391(a) (2) and (3). In its Brief in Support of the Motions to Dismiss, Westchester invokes the dismissal option available under 28 U.S.C.A. §1406(a). (Doc. 12 at 9).

The Court addresses the arguments raised in Westchester's Motions to Dismiss seriatim.

**B.    The Legal Arguments in Favor of Dismissal**

    **1. Does the Forum Selection Clause Require Dismissal Pursuant to Fed. R. Civ. P 12(b)(6)?**

Westchester asks first that this matter be dismissed pursuant to Fed. R. Civ P.12(b)(6), because the Bond's forum selection clause mandates that Amati's claim be litigated in New York

state court.[4]  Westchester directs the Court to the Bond's requirement that claims be brought "in a court of competent jurisdiction in the location in which the work or part of the work is located[.]" (Doc.1 Ex. A).  According to Westchester, this language describes the only court physically located in Staten Island, New York - "the Supreme Court, State of New York, County of Richmond."  (Doc. 9 at 7).  If the Court agrees with Westchester, it has no choice but to dismiss the claim, because the Court lacks authority to transfer this matter to a state court. See Salovaara, 246 F.3d at 298.

The effect of the forum selection clause turns on federal law because, "' [q]uestions of venue and enforcement of [these] clauses are essentially procedural rather than substantive in nature.'"  Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) (quoting Jones v. Weibrecht, 901 F.2d 17 (2d Cir. 1990)).  These clauses are entitled to great weight and are presumptively valid.  Coastal Steel Corp v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S.1, 10-11 (1972)), overruled on other grounds by Lauro Lines v. Chasser, 490 U.S. 495 (1989).  This presumption applies so long as "there [has] been no 'fraud, influence or overweening bargaining power." Jumara, 55 F.3d at 880.[5]  It also necessary that the clause "actually effectuate a selection." Wall Street Aubrey Golf, LLC v. Aubrey, 189 Fed. Appx. 82, 85 (3d Cir. 2006).

Before the Court can properly address the Defendant's Motions to Dismiss, it must

---

[4] A challenge for lack of venue based upon a forum selection clause designating a non-federal forum may be brought appropriately as a motion to dismiss for failure to state a claim under 12(b)(6). See Salovaara v. Jackson Nat. Life Ins.Co., 246 F.3d 289, 298 (3d. Cir. 2001).

[5] Amati does not allege fraud, undue influence, overreaching, or any other improper circumstance affecting the Bond generally, or the forum selection clause specifically.

4

determine whether the language of the clause does, as Westchester contends, restrict filing of a claim under the Bond to a specific New York state court. Neither party has cited authority bearing on the appropriate reading of the clause. (In fact, Amati ignores altogether the Rule 12(b)(6) portion of Westchester's argument.) The Court has, however, found that the majority of courts considering issues similar to the one raised here, have adopted the general approach taken by the court in Rochester Comm. Sch. Corp. v. Honeywell, Inc., No 3:06-CV-351, 2007 WL 2473464 (N.D. Ind. Aug. 27, 2007) (quoting IFC Credit v. Aliano Bros. Gen. Contr., 437 F.3d 606, 612 (7th Cir. 2006)). Interpreting a forum selection clause in the context of removal, the court in Rochester wrote:

> While a forum selection clause may constitute the waiver of a defendant's right to remove an action to federal court, any such waiver must be "clear and specific" . . . to head off disputes over where the forum selection clause directs that suit be brought.

Id. at *7(citation omitted). See also TrueServ Corp. v. Prices Ilfeld Hardware Co., Inc., No. 01-C50272, 2001 WL 1298718 (N.D. Ill. Oct. 24, 2001) (finding that clause directing that matter be litigated in Cook County or any contiguous Illinois county permitted suit in state or federal court); Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp.2d 438, 446 (E.D. Pa. 1999) (noting cases holding that forum selection clauses designating a general geographic area typically "include[] both state and federal courts within that area") (citing Newman/Haas Racing v. Unelko Corp., 813 F. Supp. 1345, 1347-48 (N.D. Ill. 1993)) (holding that forum selection clause limiting venue to northern Illinois did not limit litigation to state rather than federal court); Submersible Sys. Tech., Inc. v. 21st Cent. Film Corp., Inc., 767 F. Supp. 266, 267-68 (S.D. Fla. 1991) (holding that forum selection clause prohibiting litigation in federal court "must provide

unambiguously that all litigation arising under the subject contract is to be conducted in a specific state court before [it will be enforced]") ; Int'l Ass'n of Bridge, Structural and Orn. Iron Workers v. Koski Constr. Co., 474 F. Supp. 370, 371-72 (W.D. Pa.. 1979) (finding that clause limiting legal action to " Erie County, Pennsylvania" included District Court for the Western District of Pennsylvania).

Based on the reasoning of these cases, the Court concludes that the language of the forum selection clause in the Bond issued by Westchester is not specific enough to restrict litigation of Amati's claim to a New York state court situated withing the confines of Staten Island.  This conclusion is bolstered by the fact that the clause appears to be a standard part of a form bond used by Westchester in connection with the many construction operations for which it acts as surety.  As the general language of the forum selection clause indicates, projects may be located anywhere, and are certainly not confined to Staten Island or to the state of New York.  The standard clause which requires only that suit be brought "in a court of competent jurisdiction in the location in which the work or part of the work is located" must be given a broader reading, and cannot reasonably be read to apply only to a state court in Staten Island, or even to a state court in New York.

Because the forum selection clause does not require that Amati litigate is claim in a non-federal forum, the Defendant's Motion to dismiss pursuant to Fed.. R. Civ. P 12(b)(6) should be denied.

## 2.  Should this Matter be Dismissed Pursuant to 28 U.S.C. § 1406(a)?

Westchester argues next that the Court should exercise its discretion to dismiss this

matter pursuant to the provisions of Section 1406(a),[6] because venue in this district is improper. The Court must determine the propriety of venue without reference to the forum selection clause. Vangura Kitchen Tops, Inc. v. C & C N. Am., Inc., No. 08-1011, 2008 WL 4540186, at *6 (W.D. Pa. Oct. 7, 2008). This is because, as the Court has already stated, the effect of a forum selection clause turns on federal law. Jumara, 55 F.3d at 877 (citations omitted). The Court thus looks to to the general venue provisions set forth in 28 U.S.C. § 1391. This section reads, in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> * * *
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in an judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Amati argues that venue is proper under Section 1391(a). First, jurisdiction is based solely on diversity. Second, because Westchester is the only defendant in this case, if it is deemed to reside in this district, all the defendants reside here, thus satisfying the requirements of

---

[6] 28 U.S.C.1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

7

Section1391(a). Where a corporate defendant resides for purposes of § 1391(a)(1) is controlled by 28 U.S.C. § 1391(c). Under that provision, a corporation is deemed to reside in any district where it was subject to personal jurisdiction at the time the lawsuit was filed.

Westchester does not challenge Amati's contention that Westchester is licensed in Pennsylvania, does business in this district, and is subject to personal jurisdiction here. In fact, it does not so much as mention the venue test set out in Section 1391(a)(1). Instead, Westchester focuses on why venue in this district is improper under Sections 1391(a)(2) and (3). Given that venue *is* proper under Section 1391(a) (1), it is not necessary to address these other provisions of Section 1391. A Plaintiff is required to satisfy only one of the venue requirements set out in Section 1391 in order to establish that venue is proper. Superior Precast, 71 F. Supp. 2d at 443.

Because venue lies pursuant to Section 1391(a)(1), no part of 28 U.S.C. § 1406(a) applies. See Jumara, 55 F.3d at 878. Accordingly, Westchester's Motion to Dismiss pursuant to Section 1406(a) should be denied.

III.     CONCLUSION

Westchester's Motions to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) and 12(b)(3) and pursuant to 28 U.S.C. § 1406(a) should be denied.

 In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

                                                                Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 26 November, 2008

cc: Hon. Donetta W. Ambrose
Chief United States District Judge

All counsel of record by Notice of Electronic Filing